IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| Angela L. Whitfield, | : | Case No. 21-30451 |
| | : | Chapter 7 |
| Debtor, | : | |
| | : | |
| Angela L. Whitfield, | : | Adversary No. 24-03010-aec |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| Educational Credit Management Corporation, | : | |
| | : | |
| Defendant. | : | |

## ANSWER OF EDUCATIONAL CREDIT MANAGEMENT CORPORATION

COMES NOW Educational Credit Management Corporation ("ECMC), Defendant in the
above-captioned action, and files its answer to Plaintiff's Complaint and shows as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Responding to the allegations of Plaintiff's Complaint, ECMC answers as follows:

1.

ECMC admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

ECMC admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

ECMC admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

ECMC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraph 4 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

5.

ECMC consents to entry of final Orders and Judgment by the bankruptcy court.

6.

ECMC admits that the U.S. Department of Education is a government entity that engages in lending money for educational purposes. ECMC denies the remaining allegations of paragraph 6 of the Complaint.

7.

ECMC admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

ECMC admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

ECMC admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

ECMC admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

ECMC admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

The allegation of paragraph 12 state a legal conclusion to which no response is required. To the extent a response is required, ECMC denies the allegations as stated.

13.

The allegation of paragraph 13 state a legal conclusion to which no response is required. To the extent a response is required, ECMC without knowledge of information sufficient to form a belief as to the whether every circuit has adopted a test to determine the presence of undue hardship.

14.

ECMC repeats and re-alleges its responses contained in all the preceding paragraphs of its Answer.

15.

ECMC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraph 15 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

16.

ECMC denies the allegations of paragraph 16 of Plaintiff's Complaint.

17.

ECMC denies the allegations of paragraph 17 of Plaintiff's Complaint.

18.

ECMC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraph 18 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

19.

ECMC denies the allegations of paragraph 19 of Plaintiff's Complaint.

20.

ECMC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraph 20 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

21.

ECMC denies the allegations of paragraph 21 of Plaintiff's Complaint.

ECMC denies the allegations contained in the unnumbered "WHEREFORE" paragraph of Plaintiff's Complaint.

Except as expressly admitted, qualified or explained herein, ECMC denies each and every allegation of the Complaint.

This _31 st_ day of January, 2025.

/s/ Cater C. Thompson
**CATER C. THOMPSON**
State Bar No. 129425
Attorney for Educational Credit Management
Corporation

OF COUNSEL:
JONES CORK, LLP
435 Second Street
P.O. Box 6437
Macon, GA 31208-6437
(478) 745-2821
cater.thompson@jonescork.com

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of January, 2025, I electronically filed the foregoing *ANSWER* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Kenneth Neeley
1120 S. Dobson Rd Ste 230
Chandler, AZ 85286

Michelle Ragucci
2280 Satellite Blvd, Bldg. A, Suite 100
Duluth, GA 30097

I further certify that on this day I caused a copy of these documents to be served via United States first class mail, with adequate postage prepaid on the following parties at the address shown for each:

Kenneth Neeley
1120 S. Dobson Rd Ste 230
Chandler, AZ 85286

Michelle Ragucci
2280 Satellite Blvd, Bldg. A, Suite 100
Duluth, GA 30097

Angela L. Whitfield
9729 Driftwood Island Court
Las Vegas, NV 89148

Angela L. Whitfield
c/o Life Source Consultants
119 Church St., Suite 219
Saint Louis, MO 63135

This 31st day of January, 2025.

/s/ Cater C. Thompson
**CATER C. THOMPSON**
State Bar No. 129425

OF COUNSEL:
JONES CORK, LLP
435 Second Street
P.O. Box 6437
Macon, GA 31208-6437
(478) 745-2821
cater.thompson@jonescork.com